[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 07-10788 and 07-10790
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00507-CR-1-1
and 02-00233-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS BAILEY, a.k.a.
Mark Bailey, a.k.a. Willie Bailey,
a.k.a. Johnathan Jerome Davis,
a.k.a. Charlie Davis, Jr.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(December 3, 2007)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Marcus Bailey appeals his sentence of two consecutive 24-month terms of imprisonment following the district court's revocation of the two separate terms of supervised release he was serving. One of the revoked terms of supervised release had been transferred to the Northern District of Georgia from the Southern District of Alabama.

On appeal, Bailey argues that the district court for the Northern District of Georgia lacked jurisdiction to revoke his supervised release and impose a sentence on him in the transferred case from Alabama because the conduct leading to the revocation of his supervised release in the Alabama case occurred before the case was transferred. Bailey argues that his position is supported by 18 U.S.C. § 3605, governing the transfer of jurisdiction. Bailey also points to 18 U.S.C. § 3606, which indicates that a person on supervised release who is arrested for violating a condition of his release should be returned to the district in which he is being supervised, even if the arrest was in a different district.

We review jurisdictional questions *de novo*. *See United States v. Presley*, 487 F.3d 1346, 1348 (11th Cir. 2007) (whether the district court had jurisdiction to revoke a term of supervised release is reviewed *de novo*), *cert. denied*, ___ S. Ct. ___, 76 U.S. L.W. 3188 (U.S. Oct. 9, 2007). Title 18, United States Code, Section

2

3605, provides, in relevant part, that:

> [a] court, after imposing a sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.  A later transfer of jurisdiction may be made in the same manner.  A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605.

United States Code section 3605 is clear that the transferee court is "authorized to exercise all powers over the probationer or releasee that are permitted by [subchapter A of chapter 229] or subchapter B or D of chapter 227." *Id.*  Subchapter D of chapter 227, enables district courts to revoke a term of supervised release.  *See* 18 U.S.C. § 3583.  Thus, based on the plain language of 18 U.S.C. § 3605, the district court for the Northern District of Georgia had the power to revoke Bailey's supervised release as to the case transferred from Alabama, regardless of whether the conduct underlying the revocation was pre-transfer or post-transfer, and there was no error.

Insofar as Bailey relies on 18 U.S.C. § 3606, such reliance is misplaced because the Southern District of Alabama had already transferred the case at issue to the Northern District of Georgia when Bailey was taken into custody in the

3

Northern District of Georgia on December 4, 2006. Moreover, § 3606 directs that a person on supervised release, once arrested, shall be taken to the district court having jurisdiction over him. *See* 18 U.S.C. § 3606. In this case, the court that already had jurisdiction was the Northern District of Georgia. United States Marshals took Bailey into custody after they found him in jail in Cobb County, Georgia, on December 4, 2006, after the Southern District of Alabama had already transferred the case at issue to the Northern District of Georgia and that court accepted jurisdiction.

Next, Bailey argues that the district court's imposition of consecutive 24-month sentences was unreasonable and amounted to an abuse of discretion. Bailey argues that the sentence imposed is too excessive to achieve the objectives of 18 U.S.C. § 3553(a).

The imposition of consecutive sentences upon the revocation of multiple terms of supervised release is within the discretion of the district court. *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998). We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The reasonableness standard applies to the ultimate sentence, not each individual decision made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th

4

Cir. 2005).   Such review is deferential, requiring us to evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

When sentencing a defendant upon revocation of supervised release pursuant to 18 U.S.C. § 3583(e), a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence . . . to afford adequate deterrence[,] protect the public from further crimes[,] and . . . provide the defendant with [education or training and medical care or treatment]; (3) the Chapter 7 policy statements; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3583(e) (providing that the court must consider the sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), when sentencing a defendant upon revocation of supervised release).

After reviewing the record, we conclude that the district court did not abuse its discretion by sentencing Bailey to two consecutive 24-month terms of

imprisonment. *See Quinones*, 136 F.3d at 1295. In *Quinones*, the defendant was sentenced to two consecutive 18-month terms of imprisonment where his parole violation consisted of breaking into a car and stealing a jacket, a Class B violation. *Id.* at 1294. The present case is similar in that Bailey received two consecutive 24-month sentences for a Grade B violation, identity fraud, and several Grade C violations. Additionally, Bailey absconded from his probation officer's supervision. Therefore, the district court did not abuse its discretion by sentencing Bailey to consecutive terms of imprisonment.

Bailey's sentence also is reasonable. It is not disputed that Bailey had an extensive criminal history and a criminal history category of VI. The transcript from the revocation proceedings shows that the court took into consideration the § 3553(a) factors in sentencing Bailey. The court took into account the history and characteristics of the defendant and the need to afford adequate deterrence to criminal conduct when it noted that supervised release had not worked with Bailey. *See* 18 U.S.C. § 3553(a)(1), (2)(B). The court considered the nature and circumstances of the offense and the need to protect the public from further crimes committed by Bailey when it noted that Bailey had been convicted of or accused of serious offenses, and the court's primary concern was to protect the public. *See id.* § 3553(a)(1), (2)(C). Bailey's argument, that his sentence was not reasonable in

light of the record, is soundly refuted in light of the record, which shows an extensive criminal history and a failure to respond to supervised release. Because the district court adequately considered the record and § 3553(a) factors, and sentenced Bailey to consecutive terms of imprisonment, with each term falling in the middle of the applicable guideline range, we conclude that Bailey's ultimate sentence was reasonable.

**AFFIRMED.**