# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1658

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Stephen Loren Clark, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 22, 2010
Filed: December 27, 2010

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Stephen L. Clark pleaded guilty to conspiracy to distribute marijuana and was sentenced to 60 months' imprisonment, followed by a four-year term of supervised release. During his term of supervised release, Clark filed a motion for early termination of supervised release, which the district court denied without prejudice. Subsequently, the court ordered that Clark's supervised release continue. Clark did not appeal. Thereafter, Clark filed an amended motion for early termination of supervised release; however, before the district court ruled on the motion, it transferred jurisdiction of Clark's supervised release to the United States District Court for the District of Kansas ("District of Kansas"). The district court entered an order denying Clark's amended motion for early termination of supervised release as moot because

of the transfer of jurisdiction. In response, Clark filed a motion to file notice of appeal out of time. The district court granted Clark's motion, and this appeal followed. We dismiss the appeal for lack of jurisdiction because the district court was without jurisdiction to grant Clark leave to appeal its order out of time.

## I. *Background*

On July 20, 2004, the district court sentenced Clark to 60 months' imprisonment for conspiracy to distribute marijuana in excess of 100 kilograms, followed by a four-year term of supervised release. On February 4, 2008, after serving his term of imprisonment, Clark began his supervised release term.

On June 29, 2009, Clark filed a motion seeking an early discharge from supervised release pursuant to 18 U.S.C. § 3583(e)(1). In support of his motion, Clark stated that he had received no conduct violations while serving his prison sentence and had not incurred any violation of the terms of his supervised release. According to Clark, he had been on supervised release for 17 months and had submitted almost 100 urine samples, which all tested negative, to his probation officer. The government did not oppose Clark's motion.

Upon the district court's request, the United States Probation Office reported that Clark's supervising probation officer in the District of Kansas had recently become concerned that Clark may have submitted invalid urine samples. The probation officer planned to place a sweat patch on Clark for alternative substance abuse testing. The probation officer also indicated that Clark was not registered as a sex offender, as required by law, due to a prior sex-offense conviction.

On September 14, 2009, the district court denied without prejudice Clark's motion for discharge, stating that

defendant should be continued on supervision for a period of 120 days beginning July 20, 2009, with continued urinalysis testing. If after 120 days defendant continues to incur invalid test results, he will remain on supervision. If defendant submits valid urine samples that do not test positive for illegal drugs, and does not incur any other violations, the request for early discharge will be granted and the term of supervised release will be terminated. In addition, defendant will be ordered to comply with Special Condition #4 of supervised release, "The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation office." Assuming full compliance with the foregoing, defendant's term of supervised release would terminate on November 17, 2009.

On November 24, 2009, the district court entered an order stating that Clark's "term of supervised release shall continue in effect." In the order, the court discussed its September 14, 2009 order and subsequent events, stating:

The Court noted [in its September 14, 2009 order] that defendant's supervising probation officer was concerned defendant may have submitted invalid urine samples. The Court ordered that defendant be continued on supervision for a period of 120 days beginning July 20, 2009, with continued urinalysis testing. The Court stated that if after 120 days defendant continued to incur invalid test results, he would remain on supervision, but if defendant submitted valid urine samples that did not test positive for illegal drugs, and if he did not incur any other violations, the request for early discharge would be granted and the term of supervised release would be terminated as of November 17, 2009.

On November 16, 2009, the United States Probation Office reported that defendant submitted two sweat patch tests which tested positive for cocaine, in August and September 2009. Defendant's subsequent sweat patch tests have been negative. As a result of the positive test results for cocaine, the Court will not terminate defendant's term of supervised release at this time.

Clark did not appeal the district court's order; instead, on January 16, 2010, he filed an amended motion for early termination of supervised release. But before the district court ruled on the motion, it transferred jurisdiction of Clark's supervised release on January 21, 2010, to the District of Kansas. The District of Kansas accepted jurisdiction over Clark's supervised release on February 17, 2010.[1] On February 23, 2010, the district court denied Clark's amended motion for early termination of supervised release as moot because it had transferred jurisdiction.

On March 9, 2010, Clark filed a motion with the district court pursuant to Federal Rule of Appellate Procedure 4(b) asking for leave to file a notice of appeal out of time of the district court's February 23, 2010 order. On March 10, 2010, the district court granted Clark's motion.

_____

[1]On March 8, 2010, Clark filed a motion for early termination of supervised release in the District of Kansas. The district court in the District of Kansas held in abeyance Clark's motion and a motion to revoke Clark's supervised release pending the outcome of the instant appeal. Then, on April 18, 2010, Clark filed a motion in the District of Kansas to return jurisdiction of his supervised release to the Eastern District of Missouri and an amended motion asking the District of Kansas to discharge him from his supervised release. The district court in the District of Kansas entered the following order:

> For the reasons set forth on the record in the hearing held on April 28, 2010[,] at 3:00 p.m., the court stayed the revocation proceedings in this matter pending a ruling by the Eighth Circuit Court of Appeals on defendant's notice of appeal filed in Case No. 03-00233-CAS. The court granted release of defendant from custody and ordered that he remain on supervised release under the same conditions as previously ordered. Defendant is to notify the court as soon as he receives notice from the court of appeals.

> IT IS ORDERED that defendant is released from custody and is to remain on supervised release under the same conditions as previously ordered.

-4-

## II. *Discussion*

According to Clark, he requested discharge from supervised release on June 29, 2009. Then, on September 14, 2009, the district court entered an order stating that if Clark complied with the court's order, then the court would discharge him from supervised release on November 17, 2009. Clark maintains that he complied with the district court's September 14, 2009 order and therefore was discharged from supervised release on November 17, 2009, per the September 14, 2009 order. With that as his premise, Clark argues that any orders that the district court entered after November 17, 2009, are void and unenforceable.

In response, the government asserts that on March 10, 2010, the time that the district court denied Clark's amended motion for early termination of supervised release as moot, the court lacked jurisdiction over Clark because jurisdiction was transferred to the District of Kansas on January 21, 2010. Thus, the government contends that jurisdiction for Clark's supervised release status now rests with the District of Kansas.

We agree with the government that the district court lacked jurisdiction when it entered its February 23, 2010 order denying as moot Clark's amended motion for early termination of supervised release and its March 10, 2010 order permitting Clark to file his notice of appeal out of time.

Section 3605 of 18 U.S.C. provides:

A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is

-5-

authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

"[S]ection 3605 expand[s] the power of the transferee court over the supervised offender" as it "was intended to permit the transferee court 'to exercise all the powers over the . . . releasee that are permitted' by the statutes dealing with supervised releasees." *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004) (quoting S. Rep. No. 98-225, at 132 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3315). The transferee court can change the period of probation without consent of the sentencing court because "the new court will be in a better position to know whether a change in the term of the supervised release is justified." *Id.* (internal quotation and citation omitted). By enacting § 3605, "Congress clearly intended to expand, not limit, the ability of the transferor court to transfer jurisdiction *and of the transferee court to take full jurisdiction from the transferor court.*" *Id.* (emphasis added). Thus, a transferee court, for example, possesses the power "to revoke [a defendant's] supervised release as to the case transferred from [the transferor district], regardless of whether the conduct underlying the revocation was pre-transfer or post-transfer . . . ." *United States v. Bailey*, 257 F. App'x 210, 212 (11th Cir. 2007) (unpublished per curiam); *see also United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010) ("We thus hold that a transferee court has jurisdiction under 18 U.S.C. § 3605 to revoke a term of supervised release for violations committed before the transfer of jurisdiction.").

Here, the district court's original order continuing Clark's term of supervised release was entered on November 24, 2009. Clark did not appeal from that order. Instead, on January 16, 2010, he filed an amended motion for early termination of his supervised release. At that point, the district court had yet to transfer jurisdiction to the District of Kansas. But before ruling on the amended motion, the district court *did* transfer jurisdiction to the District of Kansas on January 21, 2010; the District of Kansas accepted the transfer of jurisdiction on February 17, 2010. Thus, at the time that the district court denied the amended motion for early termination of supervised

release on February 23, 2010—and subsequently ordered that Clark could file his notice of appeal out of time—it no longer possessed jurisdiction over Clark because a transfer of jurisdiction means that the "transferee court . . . take[s] full jurisdiction from the transferor court." *Fernandez*, 379 F.3d at 275; *see also United States v. D'Amario*, 178 F. App'x 151, 152 (3d Cir. 2006) (unpublished per curiam) ("On May 2, 2003, the District of New Jersey transferred jurisdiction over [the defendant's] supervised release pursuant to 18 U.S.C. § 3605 to the District of Rhode Island. . . . Thus, the District of New Jersey no longer has jurisdiction to provide the relief that he seeks and properly denied his motion.").

### III. *Conclusion*

Accordingly, we dismiss the instant appeal because the district court lacked jurisdiction in entering its February 23, 2010 and March 10, 2010 orders. The determination of Clark's supervised release status rests with the District of Kansas.

_____