*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0190p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee*,

  *v.*

CEDRIC MARKEITH ADAMS,
  *Defendant-Appellant.*

No. 12-6400

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:12-cr-20172-1—S. Thomas Anderson, District Judge.

Decided and Filed: July 23, 2013

Before: KEITH and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Needum L. Germany, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Frederick H. Godwin, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

DAMON J. KEITH, Circuit Judge. Defendant appeals the district court's judgment revoking supervised release and imposing a thirteen-month sentence based on Defendant's guilty plea to four violations of his supervised release conditions.

The parties do not dispute the facts in this case. In 2009, the District Court for the Northern District of Mississippi sentenced Defendant to a period of incarceration to be followed by two years of supervised release for the sale of counterfeit obligations.

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Defendant's term of supervised release began on November 2, 2010. On June 6, 2012, the district court for the Northern District of Mississippi entered an order transferring jurisdiction of Defendant's supervised release to the Western District of Tennessee. On July 13, 2012, the District Court for the Western District of Tennessee consented to jurisdiction. However, the Clerk of the Court for the Northern District of Mississippi did not enter the order accepting jurisdiction from the District Court for the Western District of Tennessee until August 23, 2012.

Before jurisdiction was transferred, Defendant left the judicial district without permission from a probation officer on four occasions. Also before jurisdiction was transferred, Defendant was arrested twice for promoting prostitution. On August 21, 2012, a probation officer filed a Petition for Warrant or Summons for Offender Under Supervision in the District Court for the Western District of Tennessee alleging two supervised release violations against Defendant. The first violation alleged that Defendant was arrested in Nashville for promoting prostitution on January 6, 2012 and again June 27, 2012. The second violation alleged that Defendant violated his supervised release by leaving the judicial district without permission from a probation officer on January 6, 2012; April 12, 2012; June 27, 2012; and August 10, 2012.

At a hearing held on October 24, 2012, in the District Court for the Western District of Tennessee, Defendant pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to a supervised release violation. Defendant agreed to plead guilty to the second violation—involving leaving the judicial district without permission four times during supervised release. In exchange, the Government agreed to drop the first violation—involving the two arrests for promoting prostitution during supervised release. The Government recommended a thirteen-month sentence. Defendant waived his right to appeal if the district court accepted the Government's sentencing recommendation. At the hearing, the district court sentenced Defendant to thirteen months of incarceration. Defendant timely appealed to this Court.

On appeal, Defendant argues that his guilty plea is invalid because the violations upon which it was based occurred before jurisdiction of his supervised release had been

transferred to the Western District of Tennessee.  Alternatively, Defendant argues that his guilty plea is invalid because he was unaware of the potential issues with the district court's jurisdiction at the time he pleaded guilty.  The Government argues that we should enforce Defendant's appellate waiver and dismiss this case.  Because we hold that the district court had jurisdiction to revoke release and that Defendant's guilty plea was valid, we do not address the enforceability of the waiver.

We review *de novo* a district court's legal conclusions regarding jurisdiction. *United States v. Slone*, 411 F.3d 643, 646 (6th Cir. 2005).  Title 18 U.S.C. § 3605 governs jurisdiction over releasees under supervision and states:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise *all* powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605 (emphasis added).  Subchapter D of chapter 227 confers on courts the power to "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . ." 18 U.S.C. § 3583(e)(3).  Under § 3605, "the transferee court steps into the shoes of the transferor court." *United States v. King*, 608 F.3d 1122, 1127 (9th Cir. 2010).  "[S]ection 3605 expand[s] the power of the transferee court over the supervised offender" as it "was intended to permit the transferee court 'to exercise all the powers over the . . . releasee that are permitted' by the statutes dealing with supervised releasees." *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004) (quoting S. REP. NO. 98-225, at 132 (1984)).

We adopt the approach used by the Fifth, Eighth, Ninth, and Eleventh Circuits in holding that 18 U.S.C. § 3605 authorizes a transferee court to revoke a term of a defendant's supervised release for violations committed prior to the transfer of jurisdiction. *See Fernandez*, 379 F.3d at 275; *United States v. Clark*, 405 F. App'x 89,

92 (8th Cir. 2010); *King*, 608 F.3d at 1128; *United States v. Bailey*, 257 F. App'x 210, 212 (11th Cir. 2007).  Analogously, the precedent we announce today gives transferee courts equal power to terminate or reduce the conditions of supervised release.  *See* 18 U.S.C. § 3583(e)(2).  This approach avoids creating the "twilight zone" described by the Ninth Circuit whereby supervisees would obtain immunity for violations committed—but not discovered—before transfer.  *King*, 608 F.3d at 1127.

Here, Defendant pleaded guilty to leaving the judicial district on four occasions without permission in violation of the conditions of his supervised release.  Defendant does not dispute that he left the judicial district without permission on the four dates indicated in his plea.  The district court properly exercised its jurisdiction when it found by a preponderance of the evidence that Defendant had violated a condition of his supervised release and revoked release.

Defendant alternatively argues that his guilty plea is invalid because he did not knowingly waive his jurisdictional objection.  Technical errors in Rule 11 pleas are harmless unless they affect substantial rights.  FED. R. CRIM. P. 11(h).  Because we have affirmed a transferee court's jurisdiction to revoke release based on pre-transfer violations, Defendant's jurisdictional concern is revealed to be meritless and does not undermine the validity of his plea.

For the foregoing reasons, we **AFFIRM** the district court's judgment.