**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2105
_____

UNITED STATES OF AMERICA

v.

ENRIQUE TORRUELLA-TORRES,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-14-cr-00017-001)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2014

Before:  FUENTES, FISHER, and KRAUSE, *Circuit Judges.*

(Filed: February 17, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

This case involves a challenge by Appellant Enrique Torruella-Torres to the procedural reasonableness of the sentence imposed on him by the District Court after the revocation of his term of supervised release. For the reasons set forth below, we affirm.[1]

Torruella-Torres pleaded guilty to conspiracy to distribute cocaine base in 2007. After serving a term of imprisonment and spending several years on supervised release, he was brought before the District Court for a revocation hearing in 2014. At the hearing, the Government demonstrated that Torruella-Torres traveled from Delaware to Philadelphia to pick up a sizeable quantity of heroin that he intended to distribute. He admitted to violating the condition of his supervised release that he refrain from using controlled substances, and the District Judge found that he also violated conditions prohibiting him from leaving the district without permission, unlawfully possessing a controlled substance, and committing additional crimes.

Because of these violations, Torruella-Torres faced a statutory maximum of three years in prison[2] and an advisory range of fifteen to twenty-one months in prison under the policy statements set forth in Chapter 7 of the Sentencing Guidelines.[3] At the conclusion of the sentencing hearing, the District Court revoked Torruella-Torres's supervised

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] While both parties indicate on appeal that the statutory maximum term of imprisonment was twenty-four months, the Probation Officer's recommendation correctly explained that because Torruella-Torres's original offense was a Class B felony, he faced a maximum of three years in prison under 18 U.S.C. § 3583(e)(3).

[3] *See* U.S.S.G. § 7B1.4.

release and, upon the recommendation of the Probation Officer, imposed a sentence of twenty-four months in prison and an additional sixty months on supervised release.

Torruella-Torres's only argument on appeal is that his sentence was procedurally unreasonable because the District Court imposed a sentence above the range suggested by the Chapter 7 policy statements without discussing the sentencing factors listed in 18 U.S.C. § 3553(a). We review the procedural reasonableness of a district court's sentence upon revocation of supervised release for abuse of discretion.[4] That is, "the sentencing court must give 'rational and meaningful consideration' to the relevant § 3553(a) factors."[5]

Here, the District Court's explanation of its sentence shows that it gave meaningful consideration to those sentencing factors. For example, § 3553(a)(1) instructs courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."[6] At sentencing, the District Judge specifically mentioned Torruella-Torres's age, failure to rehabilitate, failure to comply with the terms of his supervised release, and involvement with interstate heroin sales, indicating that the District Judge meaningfully considered that factor. Further, § 3553(a)(2)(A) instructs courts to consider "the need for the sentence imposed to reflect the seriousness of the

---

[4] *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010).

[5] *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

[6] 18 U.S.C. § 3553(a)(1).

offense, to promote respect for the law, and to provide just punishment for the offense."[7] The District Court meaningfully considered that factor as well, as indicated by its finding that Torruella-Torres traveled out of state to pick up a large amount of heroin he intended to distribute while on supervised release and its admonition that "[w]e take this sort of behavior very seriously when you are under federal supervision and you continue to flaunt the law."[8] The District Court also clearly considered the applicable Chapter 7 policy statements as instructed by § 3553(a)(4)(B),[9] as it recited the applicable range of fifteen to twenty-one months and the Probation Officer's recommendation that the term of imprisonment exceed that range.[10]

Torruella-Torres contends that the District Court abused its discretion because it did not explicitly discuss other § 3553(a) factors, but a court imposing sentence following revocation need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account at sentencing."[11] Indeed, we

---

[7] 18 U.S.C. § 3553(a)(2)(A).

[8] J.A. 52.

[9] 18 U.S.C. § 3553(a)(4)(B).

[10] J.A. 47-48.

[11] *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346 (2007)) (internal quotation marks omitted).

4

have held that a sentencing court applying the Chapter 7 policy statements need only "state on the record its *general* reasons under § 3553(a)."[12]

The record here makes it clear the District Court took the § 3553(a) factors into account. It heard testimony from the two Probation Officers that arrested Torruella-Torres after state officials discovered his criminal activity. The District Court then heard the Government's argument that Torruella-Torres was "engaging in a significant amount of drug distribution that ha[d] been ongoing for some time" and found that Torruella-Torres "resorted to making a living through criminal activity rather than being a productive citizen and maintaining gainful employment despite the efforts of the U.S. Probation Office to help [him] in that regard."[13]

The District Court also heard Torruella-Torres's arguments for mitigation because he admitted his violations when he was questioned by various Probation Officers and he had family members present at the hearing who supported him. The District Judge noted, in response, that while it appreciated his family's presence, his family "should have been encouraging [him] to find a job and stick to it rather than making quick money going up to Philadelphia and picking up heroin," and that it was time he "straightened up [and] did the right thing by [his] family and by [his] community."[14] Additionally, the District Judge referenced the Probation Officer's recommendation, which was based largely on

---

[12] *United States v. Blackston*, 940 F.2d 877, 893-94 (3d Cir. 1991).

[13] J.A. 49, 51.

[14] J.A. 51, 52.

Torruella-Torres's "history of arrests while on supervision, his inability to take advantage of the resources of the Probation Office and not finding and maintaining gainful employment."[15] Nevertheless, the District Court recommended that the Bureau of Prisons house Torruella-Torres at a location where his family could visit him. These statements indicate that the District Court meaningfully considered the § 3553(a) factors, as well as the arguments and evidence before it.

In sum, Torruella-Torres has not shown his sentence was procedurally unreasonable. Nor did he meet his high burden of showing that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided."[16] Accordingly, we affirm the judgment of the District Court.

---

[15] J.A. 47-48.

[16] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).