**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4690
_____

UNITED STATES OF AMERICA

v.

KEVIN JONES,
a/k/a Kev

Kevin Jones,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-03-cr-00045-003)
District Judge: Hon. Malachy E. Mannion

_____

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2015
_____

Before: SHWARTZ, KRAUSE, and COWEN, Circuit Judges.

(Filed: October 8, 2015)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

_____

SHWARTZ, <u>Circuit Judge</u>.

Kevin Jones appeals from the revocation of his supervised release and the imposition of a nine-month sentence of imprisonment. His appellate counsel argues that his appeal presents no non-frivolous issues and moves to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

In 2004, Jones pleaded guilty in the District Court for the Middle District of Pennsylvania to one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He received a sentence of ten years' imprisonment followed by five years' supervised release. He began his term of supervised release on June 7, 2012, and jurisdiction over his supervised release was transferred to the District Court for the Southern District of New York. In April 2013, Jones's conditions of supervised release were modified to include 100 hours of community service as a result of his untruthfulness regarding his employment status. In July 2013, Jones admitted to multiple violations of the conditions of his supervised release, including failure to report to his probation officer and use of cocaine. The District Court for the Southern District of New York revoked his supervised release and imposed a sentence of four months' imprisonment and four years' supervised release. Jones began this new term of supervised release on October 11, 2013.

2

Less than six months later, police officers in Scranton, Pennsylvania found Jones in possession of marijuana and methamphetamine, and Jones thereafter pleaded guilty to possession of a controlled substance. Based on this conduct and on Jones's failure to comply with his 100-hour community service obligation, the Probation Office in the Southern District of New York filed a petition to revoke Jones's supervised release. Jurisdiction over the revocation proceeding was transferred, with Jones's consent, to the District Court for the Middle District of Pennsylvania pursuant to 18 U.S.C. § 3605.

At the revocation hearing, Jones admitted to possessing a controlled substance and failing to complete any portion of his 100-hour community service obligation. Both Jones and his counsel addressed the District Court regarding his violations. The District Court discussed Jones's circumstances, including his lack of criminal history prior to his 2004 conviction, his difficulty finding employment after his release from prison, and the nature of his supervised release violations, and imposed a within-Guidelines sentence of nine months' imprisonment followed by three years' supervised release. Jones's counsel filed an appeal and a motion to withdraw, stating that there are no non-frivolous grounds for an appeal.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

II

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair representation." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file a motion to withdraw and brief pursuant to <u>Anders</u> when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." When counsel submits an <u>Anders</u> brief, we determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>Youla</u>, 241 F.3d at 300 (citing <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000)). To determine whether counsel has fulfilled the rule's requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, <u>Marvin</u>, 211 F.3d at 780–81. If these requirements are met, we need not scour the record for issues and the <u>Anders</u> brief guides our review. <u>Youla</u>, 241 F.3d at 300–01.

Counsel's <u>Anders</u> brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues.[2] First, the brief demonstrates a thorough

_____

[2] Jones did not file a <u>pro se</u> brief raising any additional arguments.

4

examination of the record in search of appealable issues. It identifies potential issues on appeal concerning the District Court's jurisdiction, the sufficiency of the proof of the supervised release violation, and the reasonableness of Jones's sentence. Second, the brief explains why these issues are frivolous in light of the governing law. Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues counsel identified.

B

The first issue counsel identified is whether the District Court properly exercised jurisdiction following the case's transfer from the District Court for the Southern District of New York. This transfer—which Jones requested—was authorized by 18 U.S.C. § 3605, which provides that a district court "may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person . . . is permitted to proceed, with the concurrence of such court," and that the transferee court "is authorized to exercise all powers over the . . . releasee" under the relevant statutes. 18 U.S.C. § 3605. The fact that jurisdiction was transferred following Jones's violations is irrelevant under the plain terms of the statute. See, e.g., United States v. Adams, 723 F.3d 687, 689 (6th Cir. 2013) (collecting cases and "holding that 18 U.S.C. § 3605 authorizes a transferee court to revoke a term of a defendant's supervised release for violations committed prior to the transfer of jurisdiction"). Thus, the transferee court had jurisdiction and no issues of arguable merit concerning jurisdiction exist.

5

The second issue counsel identified is whether the supervised release violations were supported by sufficient proof. A court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). Here, Jones's conditions required that he commit no crimes and that he complete 100 hours of community service. Jones admitted on the record that he violated both of these conditions. There is no indication that his admission was involuntary or untruthful, and there is no evidence that Jones did not in fact commit either of the violations. Moreover, Jones's commission of a state drug crime was established by the record of his conviction for possession of a controlled substance. See United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) ("In the normal course, one might expect that if the court finds defendant was convicted of a crime, the court may automatically revoke release based on the defendant's commission of the underlying offense."). Thus, any challenge to the sufficiency of the evidence supporting the violations lacks merit.

The final issue counsel identified is whether Jones's sentence reflects meaningful consideration and reasonable application of the § 3553(a) factors. For a sentence following revocation of supervised release to be reasonable, "the record must demonstrate that the sentencing court gave meaningful consideration to . . . the § 3553(a) factors" and "demonstrate that it reasonably applied those factors to the circumstances of the case." United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007) (internal quotation

6

marks and citations omitted).  We affirm if "the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors in light of the circumstances of the case."  Id. (internal quotation marks and citation omitted).  Specifically with respect to sentences for supervised release violations, the primary consideration is "the defendant's breach of trust," although courts must also "tak[e] into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  Id. at 544 (internal quotation marks and citation omitted).

Here, the sentence was procedurally reasonable as it was within the advisory Guidelines range of three to nine months for his Grade C violation and his undisputed criminal history category of I.  Furthermore, the nine-month sentence was informed by the District Court's meaningful consideration of the applicable § 3553(a) factors.  The District Court discussed Jones's limited criminal history, his difficulty securing employment, and his track record while on supervised release, including his failure to be truthful with the Probation Office, his commission of a crime, and his noncompliance with his community service condition.  The District Court also considered Jones's breach of trust, as demonstrated by his failure to comply with the sentencing judge's requirements while on supervised release, and sentenced him at the top of the Guidelines range.  See App. 55-56 ("Here you're being sentenced based upon the fact you have violated the conditions that were set by a judge you were to follow on your supervised release . . . .  You just don't seem to be getting the message.").  Finally, the sentence was

7

substantively reasonable.  Jones demonstrated an inability to comply with his conditions of supervised release, and the within-Guidelines sentence was not one "no reasonable sentencing court would have imposed." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  Therefore, there is no issue of arguable merit with respect to the reasonableness of Jones's sentence.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.