NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3940

_____

UNITED STATES OF AMERICA

v.

BARRY POWELL,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-11-cr-00603-001)
District Judge: Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2017

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: July 25, 2017)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Barry Powell contends that the District Court abused its discretion in sentencing

him to ten months' imprisonment and two years of supervised release after his counsel

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and the Government agreed to request a ten-month sentence that did not include supervised release. He argues that the Court's sentencing order conflicted with its findings of fact, was unduly punitive, and was substantively unreasonable. We disagree and thus affirm.

In September 2011, Powell pled guilty to distributing crack cocaine and was sentenced to thirty-three months in prison and three years of supervised release. After his release from prison, he abided by the terms of his supervised release until August 2015, when he tested positive for marijuana. Powell was reprimanded by his probation officer, who required him to attend behavioral therapy, but the District Court took no further action. Shortly thereafter, Powell committed a string of further violations, including failing to attend required behavioral therapy and an outpatient addiction-treatment program, failing to attend probation meetings and calls, and failing to notify his probation officer after changing his address.

Powell was arrested for these violations in March 2016 and released on bail. He did not appear at his bail revocation hearing in April and was rearrested. At the subsequent bail revocation hearing in May 2016, the District Court revoked Powell's supervised release for failing to attend treatment, but departed downward[1] and imposed a sentence of two months in prison followed by two years of supervised release.

Upon release from prison, Powell again failed to comply with the terms of his supervised release by not returning to the residential reentry center where he was required to live for four months. He pled guilty to this violation at his second revocation hearing

---

[1] The Court departed downward from the four-ten month Guideline range.

in September 2016. In an effort to avoid a term of supervised release, Powell's defense counsel asked for a sentence of ten months, at the top of the Guidelines range regarding terms of imprisonment, with no additional term of supervision. The Government agreed to this request, though it recognized that ten months' imprisonment was "a lengthy period of time for someone to go to jail for this type of violation," but acquiesced because Powell was "unwilling or unable to comply with supervised release." Appellant App. at 45.

The District Court did not accept this recommendation. Instead it imposed a sentence of ten months' imprisonment *and* two years supervised release. This sentence was near the top of the advisory Guideline range, but far from the statutory maximum it could have imposed.[2] In the case of someone like Powell, who initially committed a Class C felony, § 841 authorizes any amount of supervised release greater than three years when the sentence also includes imprisonment. 21 U.S.C. § 841(b)(1)(C). The District Court thus had the authority under § 841 to sentence Powell to two years' incarceration and a potentially life term of supervised release, but instead stayed within the advisory Guidelines for someone with Powell's criminal history.[3]

---

[2] While it's true that § 3583(b) limits the terms of supervised release to no more than three years, we have rejected that § 3583 "ever limits the term of supervised release in cases under § 841." *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 566 (3d Cir. 2002).

[3] Powell's criminal history category was II and he pled guilty to a Grade C violation; therefore the advisory sentence for imprisonment under the Guidelines was 4-10 months. Because he initially committed a Class C felony, the recommended Guideline range under § 3583(b) was 0-3 years minus any time incarcerated, but could be any time more than three years.

Powell argues that District Court abused its discretion because the sentence the Court imposed was punitive and ineffective in light of the facts presented at his revocation hearing that indicated he would be unlikely to comply with a term of supervised release. He argues that no reasonable court, after applying the relevant § 3553(a) sentencing factors, would have imposed the same sentence, especially in light of the District Court's own doubt that supervision would provide successful treatment.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United* States, 552 U.S. 38, 51 (2007). "An estimation of the outer bounds of what is reasonable under a given set of circumstances may not always be beyond debate, but the abuse-of-discretion standard by which that estimation must be judged limits the debate and gives district courts broad latitude in sentencing." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*) (internal quotation marks omitted) (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)).

When it revokes supervised release and sentences the defendant to a new term of imprisonment, the Court may include a new term of supervised release. 18 U.S.C. § 3583(h). "[Al]though subsection (h) does not specify a procedure for reimposition of supervised release . . . [,] sentencing courts [should] consider those § 3553(a) factors listed in 18 U.S.C. § 3583(c), the provision governing imposition of the initial term of supervised release." *United States v. Clark*, 726 F.3d 496, 501 (3d Cir. 2013).

To determine whether the sentence imposed was substantively unreasonable, we examine "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant

factors." *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (citation and internal quotation marks omitted). "[R]easonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*) (internal quotation marks omitted). When a Court imposes a revocation sentence, its primary consideration must be "the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (internal quotation marks omitted). Here, Powell committed multiple flagrant breaches of the Court's trust, and his sentence reflects that.

The District Court explained why an in-Guidelines sentence reflected the seriousness of the offense, promoted respect for the law, justly punished the defendant, promoted general deterrence, and protected the public from further crimes by Powell. These are all factors under § 3553(a) that a court considers when imposing a sentence.

Specifically, the Court stated it was "firmly convinced" that Powell "should remain on supervised release because it specifically addresses the purpose of Section 3553(a)[](2)(D)," Appellant App. at 48, which aims to provide the individual with necessary educational and vocational training, medical care and other correctional treatment in the most effective manner. The Court disagreed with the parties' contention that it would be a waste of its and the Probation Office's resources and time to supervise Powell further. It found that, even though Powell had been unwilling to comply with the

5

terms of supervised release, he still had potential to benefit from the supervised release term, which it hoped would help him become a more productive member of society.

Powell argues that sentencing him to further supervised release is ineffective when the Court itself doubted he would comply with the terms of any additional supervised release. However, the Supreme Court has stated that "[a] violation of the terms of supervised release tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." *Johnson v. United States*, 529 U.S. 694, 709 (2000).

Moreover, Powell is not incapable of complying with the terms of supervised release. He completed over half of his initial term of supervised release without issue and presented a detailed plan to succeed after his release during his first revocation hearing at which the Court granted a downward departure. It was not unreasonable for the District Court to find that supervised release could be an effective means of correcting Powell's behavior and providing him with the means to succeed.[4] Even if we might reasonably

---

[4] District courts regularly impose revocation sentences including further terms of supervised release in cases involving consecutive violations of supervised release, and multiple panels of our Court have affirmed similar sentences that include supervised release notwithstanding the defendant's prior failure to abide by the terms of release. *See Doe*, 617 F.3d at 774-75 (two years' imprisonment followed by twelve months' supervised release); *see also United States v. Torruella-Torres*, 622 F. App'x 146, 149 (3d Cir. 2015) (twenty-four months' imprisonment followed by sixty months' supervised release; detailed discussion of § 3553(a) factors not required if record makes clear they were meaningfully considered); *see also United States v. Jones*, 628 F. App'x 149, 153 (3d Cir. 2015) (substantive reasonableness challenge to a within-Guidelines revocation sentence of nine months' imprisonment followed by three years' supervised release for

have concluded that a different sentence was appropriate (we don't), that would still be insufficient to justify reversal of the District Court. *Tomko*, 562 F.3d at 560.

Powell contends that because the District Court did not follow the sentencing recommendations made jointly by his defense counsel and the Government, it acted unreasonably. A sentencing court is not bound by the parties' agreement, but should make its own decision based on reasoned, meaningful consideration of the relevant § 3553 factors. *See United States v. Maurer*, 639 F.3d 72, 81 (3d Cir. 2011). It is well settled that a District Court's failure to give a defense counsel's arguments the weight the defendant contends they deserve does not render the sentence unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). The Court here advised Powell that it was not obligated to follow the agreement made by the parties. See Fed. R. Crim. P. 11. It considered the sentencing factors and applied them to the specific context of the case and found that supervised release was warranted.

Our review is for abuse of discretion. Because the record shows that the District Court conducted a complete application of the 18 U.S.C. § 3553(a) factors, the sentence it imposed of two years' supervised release following ten months' imprisonment—which is within the range suggested by the Sentencing Guidelines—was not substantively unreasonable and thus no abuse of discretion. Accordingly, we affirm.

---

Grade C violation had no arguable merit; defendant's unwillingness to comply with supervised release conditions supports sentence).