NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2063
_____

UNITED STATES OF AMERICA

v.

BARRY POWELL,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-603-001)
District Judge:  Hon. Renee M. Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2019

Before:  JORDAN, KRAUSE, and ROTH, *Circuit Judges.*

(Filed: May 29, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Barry Powell appeals the sentence imposed on him for violating the terms of his supervised release. We will affirm.

## I.    BACKGROUND

Powell pled guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to 33 months in prison, to be followed by three years of supervised release. He was required, as a condition of his release, to refrain from using controlled substances, except as prescribed by a doctor.

In August 2015, during his first term of supervised release, Powell tested positive for marijuana use. He was issued a written reprimand and referred to a substance abuse therapy program. *United States v. Powell*, 704 F. App'x 160, 161 (3d Cir. 2017). "Shortly thereafter, Powell committed a string of further violations, including failing to attend required behavioral therapy and an outpatient addiction-treatment program, failing to attend probation meetings and calls, and failing to notify his probation officer after changing his address." *Id.* at 161. As a result, the Probation Office filed a petition alleging that he had violated several conditions of his release. He was arrested and released on bail pending a revocation hearing. When he failed to appear for that hearing, a warrant was issued for his arrest.

Once the U.S. Marshals located Powell and arrested him, the District Court held a revocation hearing. Powell pled guilty to violating the conditions of his supervised release, and the Court revoked that release. It sentenced him to two months in prison, a downward departure from the guidelines range of four to ten months' imprisonment, to

2

be followed by two more years of supervised release.  The Court also imposed a new special condition of supervision that required Powell to spend four months in a residential reentry center upon his release from prison.  He served his two months' imprisonment but, soon after his release from prison, he again violated the terms of his release by absconding from the reentry center.

Powell pled guilty to that violation in September 2016.  The District Court sentenced him to ten months' imprisonment, a within-guidelines range sentence, followed again by two years of supervised release.  Once more, the District Court ordered Powell to stay at a residential reentry center for four months following his release.  Powell appealed that sentence as being in "conflict[] with [the District Court's] findings of fact," "unduly punitive," and "substantively unreasonable."  *Powell*, 704 F. App'x at 161.  We affirmed the sentence, noting that "Powell [had] committed multiple flagrant breaches of the Court's trust, and his sentence reflect[ed] that."  *Id.* at 163.

Powell began his third term of supervised release in May 2017.  Less than three months later, he tested positive for amphetamine and methamphetamine use and thus was "unsuccessfully discharged" from the reentry center.  (App. at 19-20.)  The Probation Office responded by filing a Petition for Summons against him alleging that he had committed two Grade C violations of his supervised release: namely, using illicit narcotics not prescribed by a physician, and failing to reside for four months at the reentry center.  The District Court issued the summons and scheduled a hearing.  Powell failed to appear.  The District Court issued a warrant for his arrest, and the Marshals arrested him a month later.

The District Court held a revocation hearing, at which Powell pled guilty to violating the terms of his release by using methamphetamine.[1] The Court proceeded directly to sentencing. The Probation Office advised that the guidelines range for Powell's violation called for four to ten months' imprisonment. Powell faced a statutory maximum of two years' imprisonment.

Powell requested a within-guidelines sentence with no supervised release. He explained that he wanted to go live with his aunt in Georgia and that he had taken supervised release "somewhat" seriously because he "only had one dirty urine." (App. at 40.) The government requested a sentence at the top of the guidelines range, with no period of supervision. The District Court imposed a sentence of 24 months' imprisonment, the statutory maximum and above the guidelines range of four to ten months, and no supervised release. Powell timely appealed.

## II.    DISCUSSION[2]

Powell asserts that the District Court abused its discretion by imposing a sentence that is more severe than necessary to fulfill the goals established by 18 U.S.C. § 3553(a), making his sentence substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The touchstone of 'reasonableness' is whether the record as a whole reflects

---

[1] The District Court dismissed Count 2 of the violation petition, which charged Powell with violating the conditions of his release by failing to reside at the reentry center for four months.

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)). Powell bears the burden of demonstrating that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *Id.* He has failed to meet that burden.

The District Court was well within its discretion in ruling that Powell's consistent and flagrant breaches of earlier supervised release conditions made a sentence within the guidelines range "way too inadequate." (App. at 47.) Noting that Powell had received a ten month sentence for his last violation, the Court concluded that an upward variance, to the statutory maximum, was necessary to reflect the seriousness of Powell's conduct, to promote respect for the law, to justly punish Powell, to provide general deterrence, and to protect the public from further crimes. It also considered Powell's history and characteristics, including his repeated violations and failures to appear in court, all of which evidenced a "disdain" for the courts and "[c]omplete lack of respect for the law." (App. at 45-46, 49-50.) Based on the weighing of those factors, the District Court very reasonably concluded that a sentence within the guidelines range would be "woefully inadequate." (App. at 50.) *Cf. United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) (explaining that the guidelines "recognize[] that in imposing [a] sentence following the revocation of supervised release, a district court may consider the circumstances that informed the original sentence resulting in the supervised release-'[w]here the original

5

sentence was the result of a downward departure . . . an upward departure may be warranted'" (quoting U.S.S.G. § 7B1.4 cmt. n.4)).

Powell's contention that the District Court abused its discretion by failing to consider the role that his drug addiction played in his repeated violations lacks merit. Not only did Powell fail to raise that argument at the time of his sentencing, a "district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable."[3] *Bungar*, 478 F.3d at 546. The District Court carefully considered the relevant factors and imposed a sentence that was reflective of Powell's continued violations. In short, the sentence he received was not unreasonable.

## III.   CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[3] While Powell does not expressly contend that his sentence was procedurally unreasonable, his argument could be read as a challenge to the procedural reasonableness of his sentence. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any [properly presented] argument renders a sentence procedurally unreasonable." (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012))). But, "when a party wishes to take an appeal based on a procedural error at sentencing—such as the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed—that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." *Id.* at 255. Powell made no such objection, and never raised the issue of his addiction to the District Court at his sentencing. There was no plain error here, and, in any event, the record makes clear that the District Court meaningfully considered the relevant arguments and provided a detailed explanation of its reasons for the sentence. The sentence was procedurally, as well as substantively, reasonable.

6