# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2920

_____

United States of America,

*Plaintiff - Appellee*,

v.

Rahmaan Manzar El Herman,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 15, 2020
Filed: August 20, 2020

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This appeal concerns which district court has jurisdiction to resolve a motion to reduce sentence under the First Step Act of 2018 when an offender is serving a term of supervised release and the sentencing court has transferred jurisdiction over

the offender to another district court. The district court[1] concluded that jurisdiction over the appellant's motion lay with the transferee court. We agree and therefore affirm.

The appellant, Rahmaan El Herman, was convicted in 2008 of conspiracy to manufacture and distribute 50 grams or more of crack cocaine and to distribute 500 grams or more of powder cocaine. *See* 21 U.S.C. § 846, 841(b)(1)(A) (2003). The district court[2] in the Northern District of Iowa sentenced him to fifteen years' imprisonment and five years of supervised release. In 2019, while still in prison, El Herman moved the district court for Northern Iowa to reduce his term of imprisonment and his term of supervised release under Section 404(b) of the First Step Act of 2018. Under the Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

El Herman asked the court to reduce his sentence to a term of 92 months' imprisonment, followed by four years of supervised release. R. Doc. 151, at 2. While the motion was pending, El Herman completed his term of imprisonment, was released from custody, and began his term of supervised release. The district court for the Northern District of Iowa transferred jurisdiction over El Herman to the Northern District of Illinois. The relevant statute authorizes a sentencing court to "transfer jurisdiction over a . . . person on supervised release to the district court for any other district" to which the person is required or permitted to proceed as a condition of his release. 18 U.S.C. § 3605.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, now retired.

The district court in Northern Iowa then dismissed El Herman's motion under the First Step Act, without prejudice, on the ground that the court lacked jurisdiction over the motion after the transfer. The district court in Northern Illinois later denied El Herman's motion for relief under the First Step Act, and he did not appeal that decision to the Seventh Circuit.

El Herman here appeals the dismissal by the district court in Northern Iowa and argues that the court erred in concluding that it lacked jurisdiction over his motion to reduce sentence after the transfer. He relies on the text of § 404(b) of the First Step Act, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence" under appropriate circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. El Herman argues that because the Act gives authority to "[a] court that imposed a sentence," and the court in Northern Iowa imposed his sentence, the court in Northern Iowa retained jurisdiction over his motion despite the transfer.

The First Step Act, however, was enacted against a backdrop of the existing criminal code, and we must read it in conjunction with the statute that governs transfer of jurisdiction over persons on supervised release. *See generally Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019). As noted, that statute allows a sentencing court to "transfer jurisdiction over a . . . person on supervised release" to another district court. 18 U.S.C. § 3605. The statute further provides that "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the . . . releasee that are permitted by this subchapter [*i.e.*, subchapter A of chapter 229] or subchapter B or D of chapter 227." *Id*.

Section 3605 allows a "transferee court to take full jurisdiction from the transferor court" and to exercise all powers specified in the statute. *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004). Once the transfer is effected, the

transferor court no longer has jurisdiction to exercise the powers that may be exercised by the transferee court. *United States v. Clark*, 405 F. App'x 89, 92 (8th Cir. 2010) (per curiam). Those powers include authority relating to supervised release under 18 U.S.C. § 3583, which appears in subchapter D of chapter 227 of Title 18.

The powers of the transferee court under § 3583 encompass the authority to resolve El Herman's motion under the First Step Act. El Herman asked the district court to impose a reduced sentence that would decrease his term of supervised release from the original five years to the new statutory minimum of four years. *See* 21 U.S.C. § 841(b)(1)(B). The powers available to a transferee court broadly allow it to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). The statutory grant of a greater power typically includes the grant of a lesser power. *Miller v. McClain*, 249 U.S. 308, 312 (1919); *United States v. Schrader*, 973 F.2d 623, 624-25 (8th Cir. 1992); *United States v. O'Neil*, 11 F.3d 292, 296 (1st Cir. 1993). The power to terminate El Herman's five-year term of supervised release altogether after one year of release carries with it the lesser power to reduce his term to a total of four years. Similarly, the power to impose a term of imprisonment that includes a term of supervised release, 18 U.S.C. § 3583(a), includes the lesser power to impose a reduced term of supervised release standing alone when the defendant already has completed his term of imprisonment. Accordingly, the district court in Northern Illinois had power to consider and grant the requested relief if warranted.

That the First Step Act gives "[a] court that imposed a sentence" authority to reduce a sentence does not mean that only that court may exercise the authority. If that were so, then the transfer authority of § 3605 would be largely a nullity. The powers granted to a transferee court by § 3605 are powers granted by other statutes to a court that imposes sentence. The powers in subchapter B and D of chapter 227—such as the power to modify, reduce, or enlarge conditions of probation or

supervised release, and to revoke a term of probation or supervised release, 18 U.S.C. §§ 3563(c), 3565, 3583(e)(2), (3)—are granted to "the court." This term, using the definite article, consistently refers back within those subchapters to "the court" that imposed a sentence. *See* 18 U.S.C. §§ 3562(a), 3582(a), 3583(a). Yet when a sentencing court transfers jurisdiction over a person on probation or supervised release, the transferee court assumes the powers that subchapters B and D give to the court that imposed sentence. A transferee court likewise may exercise power that the First Step Act grants to a court that imposed sentence, because that power is subject to transfer under § 3605.

For these reasons, we conclude that the transferee court in the Northern District of Illinois was the district court with jurisdiction to consider El Herman's motion to reduce sentence under the First Step Act. If El Herman was dissatisfied with the Northern Illinois court's denial of relief, then his avenue for appeal was to the Court of Appeals for the Seventh Circuit. The judgment of the district court is affirmed.

_____